UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RALPH H. ESPOSITO, JR.,

                Plaintiff,

-vs-                                                  Case No. 2:09-cv-728-FtM-29SPC

RICHARD HOLLANDER; EDWARD MILLER;
RUTH SAMELSON,

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This matter comes before the Court on the Plaintiff Ralph Esposito, Jr.'s Motion for the Appointment of Counsel (Doc. # 2) filed on November 4, 2009. The Plaintiff filed a Motion to Appoint Counsel. Upon review of the Motion to Appoint Counsel, the Court also reviewed the Complaint *sua sponte*.

The Plaintiff names Richard Hollander, Edward Miller, Ruth Samelson as Defendants in this case. However, the Plaintiff does not state a factual basis for which relief can be granted. The Plaintiff states that the Defendants abandoned him when he needed help and alleges that this is a case for malpractice. He further claims that the Defendants harmed him with false statements, and refused defiantly to acknowledge wrongful nature of conduct. However, the Plaintiff does not provide a factual background to support the allegations nor does he let the Defendants know what actions they took to cause him harm.

**DISCUSSION**

Based upon that review, the Court finds that the Complaint fails to comply with Federal Rules 8 and 10. To satisfy the pleading requirements of Federal Rule of Civil Procedure 8, a complaint must contain a short and plain statement showing an entitlement to relief, and the statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A ., 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed.2d 1 (2002) (citing Fed. R. Civ. P. 8)). Rule 10 describes how a complaint should be organized giving instructions as to how the caption, party names should be listed, and requiring that the Plaintiff state his claims in numbered paragraphs, with each paragraph limited to a single set of circumstances. Fed. R. Civ. P. 10(a)(b)(c).

The Plaintiff states the Defendants made false statements, failed to pay him $26,400.00 for legal research services he claims to have performed, malpractice, and claims to have $175,000.00 in damages. Although, the Plaintiff's complaint is disjointed and fails to state any specific cause of action, it appears the Plaintiff is attempting to bring fraud charges, malpractice charges, and failure to pay or breach of contract for his services. He also states that he is bringing the case under Chapter 13 Bankruptcy.

*(1) The Plaintiff's Complaint*
*(a) False Statements*

Rule 9(b) of the Federal Rules of Civil Procedure provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). This rule "serves an important purpose in fraud actions by alerting defendants to the 'precise misconduct with which they are charged' and protecting defendants 'against spurious charges of immoral and fraudulent behavior.' "MeterLogic, Inc. v. Copier Solutions, Inc., 126

F.Supp. 2d 1346, 1360 (S.D. Fla.2000). The Federal Rules of Civil Procedure require specificity in fraud pleading is satisfied if the complaint sets forth (1) precisely what statements were made in what documents or oral representations or what omissions were made, (2) the time and place of each such statement and the person responsible for making or in the case of omissions not making the statement, (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud. McCanna v. Eagle, 2009 WL 1510159 *7 (M.D. Fla. May 5, 2009) (citing Fed.Rules Civ.Proc.Rule 9(b)).

Here the Plaintiff does not state what false statements made that harmed him nor does he state how he relied on those false statements, or how he was harmed by those statements. Thus, he has failed to allege any sort of fraud claim under which the Court may grant him relief.

### (b) Failure to Pay Legal Fees

The Plaintiff claims that he spent time, three (3) hours a day for eleven months, doing legal research for which he states he charges $200.00 an hour for attorneys fees. Under Florida law the elements of a breach of contract are (1) valid contract; (2) a material breach; and (3) damages. Hodges v Buzzeo, 193 F. Supp. 2d 1279, 1283 (M.D. Fla. 2002). The Plaintiff does not state that he is an attorney and he further fails to establish that he entered into a contract to provide legal services to the Defendants for which he would charge $200.00 per hour. Thus, he has failed to allege any elements of a breach of contract. Furthermore, he failed to establish that he was a member for the Florida Bar and was therefore, offering qualified legal services for which he should be paid.

### (c) Malpractice

The Plaintiff does not state what sort of malpractice was committed either legal or medical. Given what can be gleaned from the sparse complaint, the Court believes the Plaintiff is alleging

legal malpractice. Malpractice is a state law claim. This Court is a court of limited jurisdiction. In federal court, subject matter jurisdiction can be found under either federal question jurisdiction, 28 U.S.C. § 1331, or diversity jurisdiction, 28 U.S.C. § 1332. Cheshire v. Haas, 2006 WL 617955 *1 (M.D. Fla. March 10, 2006). United States district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal question jurisdiction is raised when a plaintiff alleges "a violation of his constitutional rights or a right created under federal law." Cheshire v. Haas, 2006 WL 617955 at *1 (citing Haynes v. Sacred Heart Hospital, 149 Fed. Appx. 854, 855 (11th Cir.2005)). The Plaintiff's complaint, alleges only a state law legal malpractice claim and fails to assert a violation of a right created by federal law, and thus federal question jurisdiction is not implicated. Cheshire v. Haas, 2006 WL 617955 at *1 (citing Ray v. Tenn. Valley Authority, 677 F.2d 818, 825 (11th Cir.1982) (finding legal malpractice claim did not present question of federal law)).

Even when federal question jurisdiction is lacking, United States district courts have original jurisdiction over civil matters in which the amount in controversy exceeds $75,000 and parties are of diverse citizenship. 28 U.S.C. § 1332(a). Though defendant does not raise diversity jurisdiction as a basis for arguing the Court's lack of subject matter jurisdiction because federal courts are courts of limited jurisdiction, the Court must inquire into its subject matter jurisdiction even if the parties have not challenged it. Rembert v. Apfel, 213 F.3d 1331, 1333-34 (11th Cir.2000). Pursuant to the federal diversity statute, diversity exists between "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2). Here, the Plaintiff and Defendants all citizens of Florida and therefore, there is no diversity.

### *(d) Bankruptcy*

The Plaintiff also alludes to this being a bankruptcy action but makes no claims of bankruptcy. Furthermore, if the Plaintiff is alleging bankruptcy he should bring his case in the United States Bankruptcy Court.

### *(e) Filing an Amended Complaint*

As plaintiff is proceeding *pro se,* the Court will take this opportunity to explain some of the responsibilities and obligations that he bears as a *pro se* party. The Court recommends that plaintiff should be afforded an opportunity to amend the complaint to properly allege his claims and in doing so plaintiff should adhere to the following instructions.

In filing an Amended Complaint, plaintiff must conform to the pleading requirements of Fed. R. Civ. P. 8 and 10 by providing a short, plain statement regarding the relief sought and using distinct, numbered paragraphs. *See* Gonzalez v. Asset Acceptance, LLC., 2008 WL 489557 * 3 (M.D. Fla. February 20, 2008). The document should be entitled "Amended Complaint." Plaintiff must state what rights under the Constitution, laws, or treaties of the United States or Florida have been violated. It is improper for Plaintiff to merely list constitutional rights or federal rights and/or statutes or state rights and/or statutes.

The Plaintiff must also provide support in the statement of facts for the claimed violations. Further, in the body of the Amended Complaint Plaintiff should clearly describe how each named defendant is involved in the alleged claim. Plaintiff must provide support in the statement of acts for the claimed violations. More than conclusory and vague allegations are required to state a cause of action. Plaintiff must also state which defendants are being sued for each particular count of the Amended Complaint.

Plaintiff is reminded that his *pro se* status does not free him from the requirements of the Federal Rules of Civil Procedure, which Rules plaintiff is directed to consult before filing this additional material.

### (2) The Motion to Appoint Counsel

The Plaintiff moves the Court to appoint counsel to represent him in this case. The United States Supreme Court has stated that "[t]he pre-eminent generalization that emerges from this Court's precedents on an indigent's right to appointed counsel is that such a right has been recognized to exist only where the litigant may lose his physical liberty if he loses the litigation." Lassiter v. Dept. of Social Services, 452 U.S. l8, 25, 101 S. Ct. 2153, 68 L. Ed. 2d 640 (l98l). This action is civil in nature and does not affect a plaintiff's physical liberty, and the issues are not overly complicated Thus, the Court respectfully recommends that no counsel be appointed for the Plaintiff.

## CONCLUSION

Based upon the Plaintiff's failure to comply with the Federal Rules of Civil Procedure, it is respectfully recommended that the Motion to Appoint Counsel (Doc. #2) should be denied and this action be dismissed for failure to state a claim upon which relief can be granted.

**RESPECTFULLY RECOMMENDED:**

(1) The Plaintiff Ralph Esposito, Jr.'s Motion for the Appointment of Counsel (Doc. # 2) should be **DENIED**.

(2) The Plaintiff's Complaint should be dismissed without prejudice, and the Plaintiff should be allowed **thirty (30) days** from the date of the Court's Order to File an Amended Complaint that Complies with the Federal Rules of Civil of Procedure and states a valid claim.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from

attacking the factual findings on appeal.

**Respectfully recommended** at Fort Myers, Florida, this   19th   day of November, 2009.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record