FILED

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FT. MYERS DIVISION**

2009 DEC 10 AM 9: 16

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

Ralph H. Esposito Jr Pro Se
Plaintiff(s),

v. Richard Hollander et al
Edward Miller
Ruth Samuelson
Defendant(s),

Case Number 2:09-CV-00728-JES-SPC

Amended Complaint
[Title of Document]

[Body of pleading]

Your Honor,
Attached is the Amended Complaint you requested.
Respectfully,
Ralph H. Esposito Jr. Pro Se
1444 SE 21st Ter
Cape Coral Fl 33990
941 244 3924

Respectfully submitted,
Ralph H Esposito Jr. Pro Se.
1444 SE 21st Ter
Cape Coral Fl 33990
941 244 3924
[Name]
[Address]
[Telephone Number]

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been furnished, hand delivered to the intake clerk United States District Court, Middle District of Florida, Ft. Myers Division. This ( ) day of ( ), year .

Ralph H Esposito Jr. Pro Se
[Signature]

United States District Court
for the
Middle District of Florida
Ft. Myers, Division

File # 2:09-cv-00728-JES-SPC
Articles of the Constitution 1st Amendment will apply to this entire case
Amended complaint

Ralph H Esposito Jr. Pro Se
Ralph H. Esposito Jr. pro se
1444 SE 21st Terrace
Cape Coral, FL 33990
941-244-3924

Your Honor Sheri Polster Chappell

This is a chapter 13 filing, approved November 19, 2008 by Your Honor Judge Paskay.

Malpractice Lawsuit

Ralph H. Esposito Jr. pro se

vs

defendants

Richard Hollander

Edward Miller

Ruth Samuelson

This is one pleading with numbered paragraphs.

Ralph H. Esposito Jr. pro se

1. This matter first manifested itself November 19, 2008, with a letter to me from Lee Ann Bennett Clerk of Court. She asked for compliance with two contingencies, one, complete an instructional course in personal financial management and file a certificate of completion to receive a discharge. Two, File a Domestic Support Obligation that has been paid or file a certificate stating that

the debtor is not required to pay a Domestic Support Obligation. Without compliance, I would make 36 months payments and not receive my discharge.

*Exhibit 1, November 19, 2008.

2. Support Obligation.

Ralph H. Esposito Jr. pro se vs. defendant Edward Miller

Sent letter to Mr. Miller addressing my concern of receiving a discharge. He never responded.

*Exhibit 2, November 25, 2008.

3. Ralph H. Esposito Jr. pro se vs. Ruth Samuelson.

Sent letter to Ruth. Prior to the letter to Mr. Miller I called Ruth Samuelson and read Lee Ann Bennett's letter to her. She addressed the first contingency as being only verbiage, more or less not important. She did state she would get a domestic support obligation form out to me. The form was sent out to me I filled it out and signed it December 2, 2008. After this correspondence with Mr. Miller and Ms. Samuelson never heard back from them again.

*Exhibit 3, December 4, 2008.

4. Wrote to Lee Ann Bennett to try to obtain confirmation on these contingencies, she never responded. Let it be known that Ms. Bennett is not a defendant in this case. This statement has been mentioned to show additional factual information.

*Exhibit 4, December 24, 2008; Defendants;

*abandoned me in time of legal crisis

*failed to use reasonable care in providing legal service to a client

Ralph H. Esposito Jr. Pro Se
1444 SE 21 St Ter.
Cape Coral, Fl 33990
941 244 3924

[Bluangcat] [NOTICE OF REQUIREMENT]

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

In re:

Case No. 9:08-bk-09577-ALP
Chapter 13

Ralph H Esposito Jr
1815 SE 20th Street
Cape Coral, FL 33990

Debtor* /

**NOTICE OF REQUIREMENT TO FILE A STATEMENT OF COMPLETION OF COURSE IN PERSONAL FINANCIAL MANAGEMENT AND FILE A CERTIFICATE REGARDING DOMESTIC SUPPORT OBLIGATION**

Notice is hereby given that in order to receive a discharge under 11 U.S.C. Section 1328., subject to limited exceptions, a debtor must:

✓ 1. Complete an instructional course in personal financial management, as described in 11 U.S.C. Section 111, and file a certificate of completion.

✓ 2. File a certificate in accordance with 11 U.S.C. Section 1328(a), if the debtor is required by a judicial or administrative order, or by statute, to pay a domestic support obligation, file a certificate that all amounts payable under such order or such statute that are due on or before the date of the certification (including amounts due before the petition was filed, but only to the extent provided for by the plan) have been paid or file a certificate stating that the debtor is not required to pay a domestic support obligation.

✓ A review of the file in this case indicates that the debtor Ralph H Esposito Jr has not filed a certificate regarding domestic support obligation.

✓ Prior to completing all payments under the Chapter 13 Plan, the debtor shall file with the Court a certificate regarding domestic support obligation. Failure to file the certificate prior to completing all payments under the chapter 13 plan will result in the case being closed without an entry of discharge.

DATED on November 19, 2008

FOR THE COURT
Lee Ann Bennett, Clerk of Court
801 N. Florida Ave., Suite 727
Tampa, FL 33602-3899

Ralph H Esposito Jr. Pro
1444 SE 21st Ter.
Cape Coral Fl 33990

* All references to "Debtor" shall include and refer to both of the debtors in a case filed jointly by two individuals.

941 244 3924

**November 25, 2008**

**Mr. Miller,**

**Do I have to file, with the court, a certificate regarding domestic support obligation. Your response will be much appreciated.**

**Respectfully,**

Ralph H. Esposito

**Ralph H. Esposito**
**941-244-7511**
**1815 SE 20th Street**
**Cape Coral, FL 33990**

**P.S. As without corrections, no entry of discharge. Mr. Miller please confirm in writing.**

Ralph H. Esposito Jr. Pro Se.
1444 SE 21st Ter.
Cape Coral Fl 33990
941 244 3924

December 4, 2008

Miller and Hollander
Ruth Samuelson

Ruth,

Just sending this brief fax to confirm what we dicussed December 2, 2008. (enclosure) As far as I know you took care of the certification regarding domestic support Statement. Number 1 you said was just verbiage, it really doesn't look like that to me, your are the legal. I sent a correspondence November 25,2008 to Mr. Miller, so far have not heard back from him, regarding Lee Ann Bennett's letter of November 19,2008.

Sincerly,

Ralph H. Esposito
Ralph H. Esposito
1444 SE 21st Ter
Cape Coral, FL 33990

Ralph H. Esposito Jr. Pro Se.
1444 SE 21st Ter.
Cape Coral Fl 33990
941 244 3924

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

Ft. Myers Division

IN RE: Ralph H Esposito Jr.

Debtor *

Case No. 9-08-BK-09577-ALP

Chapter 13

# CERTIFICATION REGARDING DOMESTIC SUPPORT OBLIGATION BY DEBTOR

NOTICE IS HEREBY given that, pursuant to 11 U.S.C. section 1328(a), the debtor hereby states as follows (check one of the statements listed below for each debtor):

1. Name of Debtor: Ralph H. Esposito Jr.

- [X] That debtor is not required to pay any amounts under a domestic support obligation.
- [ ] Debtor is required by a judicial or administrative order, or by statute, to pay a domestic support obligation, and certifies that all amounts payable under such order or such statute that are due on or before the date of the certification (including amounts due before the petition was filed, but only to the extent provided for by the plan) have been paid.

2. Name of Joint Debtor: ______________________ (if applicable)

- [ ] That joint debtor is not required to pay any amounts under a domestic support obligation.
- [ ] Joint Debtor is required by a judicial or administrative order, or by statute, to pay a domestic support obligation, and certifies that all amounts payable under such order or such statute that are due on or before the date of the certification (including amounts due before the petition was filed, but only to the extent provided for by the plan) have been paid.

I declare under penalty of perjury that the foregoing is true and correct.

Ralph H. Esposito Jr. — Signature of Debtor

12/2/08 — Date

______________________ Signature of Joint Debtor (if applicable)

______________________ Date

* All references to "debtor" shall include and refer to both debtors in a case filed jointly by two individuals.

Ralph H Esposito Jr. Pro Se
1444 SE 21st Ter.
Cape Coral Fl 33990
941 244 3924

December 24, 2008

For the court

Lee Ann Bennett,
Clerk of Court

801 North Florida Ave, Suite 727
Tampa, FL 33602-3899

Dear Ms Bennett,

Can you tell me if requirements 1 and 2 have been complied with? (Enclosure)

Thank you for your time,

Repectfully,

Ralph H. Esposito

Ralph H. Esposito
1444 S.E. 21st Ter
Cape Coral, FL 33990

Case number 9.08-BK-09577-ALP
Janurary 29, 2009, post script
Fax 239-458-3218

Ralph H Esposito Jr. Pro Se
1444 SE 21st Ter.
Cape Coral Fl 33990
941 244 3924

[Notice] [NOTICE OF REQUIREMENT]

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FT. MYERS DIVISION**

In re:

Case No. 9:08-bk-09577-ALP
Chapter 13

Ralph H Esposito Jr
1815 SE 20th Street
Cape Coral, FL 33990

Debtor* /

**NOTICE OF REQUIREMENT TO FILE A STATEMENT OF COMPLETION OF COURSE IN PERSONAL FINANCIAL MANAGEMENT AND FILE A CERTIFICATE REGARDING DOMESTIC SUPPORT OBLIGATION**

Notice is hereby given that in order to receive a discharge under 11 U.S.C. Section 1328., subject to limited exceptions, a debtor must:

✓ 1. Complete an instructional course in personal financial management, as described in 11 U.S.C. Section 111, and file a certificate of completion.

✓ 2. File a certificate in accordance with 11 U.S.C. Section 1328(a), if the debtor is required by a judicial or administrative order, or by statute, to pay a domestic support obligation, file a certificate that all amounts payable under such order or such statute that are due on or before the date of the certification (including amounts due before the petition was filed, but only to the extent provided for by the plan) have been paid or file a certificate stating that the debtor is not required to pay a domestic support obligation.

✓ A review of the file in this case indicates that the debtor Ralph H Esposito Jr has not filed a certificate regarding domestic support obligation.

✓ Prior to completing all payments under the Chapter 13 Plan, the debtor shall file with the Court a certificate regarding domestic support obligation. Failure to file the certificate prior to completing all payments under the chapter 13 plan will result in the case being closed without an entry of discharge.

DATED on November 19, 2008

Ralph H. Esposito Jr. Pro Se
1444 SE 21st Ter
Cape Coral Fl 33990

FOR THE COURT
Lee Ann Bennett, Clerk of Court
801 N. Florida Ave. Suite 727
Tampa, FL 33602-3899

* All references to "Debtor" shall include and refer to both of the debtors in a case filed jointly by two individuals.

941 244 3924

*client should be involved in all decision making at critical points of representation

5. Ralph H. Esposito Jr. pro se vs. defendant Ruth Samuelson

   Sent another letter to Ruth Samuelson requesting compliance with Ms. Bennett's letter of November 19, 2008.

   *Exhibit 5, January 29, 2009.

6. Ralph H. Esposito Jr. pro se vs. defendant Richard Hollander et al

   I asked him to get me an answer regarding Lee Ann Bennett's letter of November 19, 2008. What I was attempting to do was to obtain written verification that the two contingencies were met. After corresponding with Mr. Miller, Ruth Samuelson and now Richard Hollander et al. He also never replied. Defendants;

   *negligent practice and misconduct

   *unethical conduct

   *defendants could have caused injury to the client. No discharge.

   *applies to paragraphs 1, 2, 3, 4, 5 and 6

   *Exhibit 6, February 10, 2009

7. Ralph H. Esposito Jr. pro se vs. defendant Edward Miller

   Sent detailed letter to Edward Miller requesting written information answering Lee Ann Bennett's two contingencies. I did mention in the letter that I still like them however I was only trying to get my written conformation. Again no reply from Mr. Miller. As of my first letter to Mr. Miller November 25, 2008 I knew then there was going to be a problem with counsel.

   *Exhibit 7, February 16, 2009.

Ralph H. Esposito Jr. Pro Se
1444 SE 21st Ter.
Cape Coral Fl 33990
941 244 3924

JANUARY 29, 2009

Ruth Samuelson,

It used to be, that when a change was made in a client's file, the client would get a copy. Since my fax of December 4, 2008 to you I don't know if the notice of requirement from the bankruptcy court has been complied with. Please do me the courtesy of faxing confirmation that the enclosure, statements 1 and 2 have been complied with.

Thank you,

Ralph H Esposito

Ralph

Fax 239-458-3218

Ralph H. Esposito Jr. Pro Se
1444 SE 21 St Ter.
Cape Coral Fl 33990
941 244 3924

 [NOTICE OF REQUIREMENT]

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

In re:

Case No. 9:08-bk-09577-ALP
Chapter 13

Ralph H Esposito Jr
1815 SE 20th Street
Cape Coral, FL 33990

Debtor*

**NOTICE OF REQUIREMENT TO FILE A STATEMENT OF COMPLETION OF COURSE IN PERSONAL FINANCIAL MANAGEMENT AND FILE A CERTIFICATE REGARDING DOMESTIC SUPPORT OBLIGATION**

Notice is hereby given that in order to receive a discharge under 11 U.S.C. Section 1328. , subject to limited exceptions, a debtor must:

✓ 1. Complete an instructional course in personal financial management, as described in 11 U.S.C. Section 111, and file a certificate of completion.

✓ 2. File a certificate in accordance with 11 U.S.C. Section 1328(a), if the debtor is required by a judicial or administrative order, or by statute, to pay a domestic support obligation, file a certificate that all amounts payable under such order or such statute that are due on or before the date of the certification (including amounts due before the petition was filed, but only to the extent provided for by the plan) have been paid or file a certificate stating that the debtor is not required to pay a domestic support obligation.

✓ A review of the file in this case indicates that the debtor Ralph H Esposito Jr has not filed a certificate regarding domestic support obligation.

✓ Prior to completing all payments under the Chapter 13 Plan, the debtor shall file with the Court a certificate regarding domestic support obligation. Failure to file the certificate prior to completing all payments under the chapter 13 plan will result in the case being closed without an entry of discharge.

DATED on November 19, 2008

FOR THE COURT
Lee Ann Bennett , Clerk of Court
801 N. Florida Ave. Suite 727
Tampa, FL 33602-3899

Ralph H. Esposito Jr
1444 SE 21st Ter
Cape Coral Fl 33990

* All references to "Debtor" shall include and refer to both of the debtors in a case filed jointly by two individuals.

941 244 3924

009674

Febuary 10, 2009

Dear Mr. Hollander Sr.

Sir,

Can you get me compliance with (enclosures) from Ruth?

We started out December 2, 2008, and for some reason have not reached closure. It is quite simple.

Respectfully,
Ralph H. Esposito
Ralph H. Esposito

1444 SE 21st Ter
Cape Coral, FL 33990

Ralph H Esposito Jr. Pro Se.
1444 SE 21st Ter,
Cape Coral Fl 33990
941 244 3924

[Bmequed] [NOTICE OF REQUIREMENT]

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

In re:

Case No. 9:08-bk-09577-ALP
Chapter 13

Ralph H Esposito Jr
1815 SE 20th Street
Cape Coral, FL 33990

Debtor*

**NOTICE OF REQUIREMENT TO FILE A STATEMENT OF COMPLETION OF COURSE IN PERSONAL FINANCIAL MANAGEMENT AND FILE A CERTIFICATE REGARDING DOMESTIC SUPPORT OBLIGATION**

Notice is hereby given that in order to receive a discharge under 11 U.S.C. Section 1328. , subject to limited exceptions, a debtor must:

✓ 1. Complete an instructional course in personal financial management, as described in 11 U.S.C. Section 111, and file a certificate of completion.

✓ 2. File a certificate in accordance with 11 U.S.C. Section 1328(a), if the debtor is required by a judicial or administrative order, or by statute, to pay a domestic support obligation, file a certificate that all amounts payable under such order or such statute that are due on or before the date of the certification (including amounts due before the petition was filed, but only to the extent provided for by the plan) have been paid or file a certificate stating that the debtor is not required to pay a domestic support obligation.

✓ A review of the file in this case indicates that the debtor Ralph H Esposito Jr has not filed a certificate regarding domestic support obligation.

✓ Prior to completing all payments under the Chapter 13 Plan, the debtor shall file with the Court a certificate regarding domestic support obligation. Failure to file the certificate prior to completing all payments under the chapter 13 plan will result in the case being closed without an entry of discharge.

DATED on November 19, 2008

FOR THE COURT
Lee Ann Bennett , Clerk of Court
801 N. Florida Ave, Suite 727
Tampa, FL 33602-3899

Ralph H Esposito Jr. Pro
1444 SE 21st Ter.
Cape Coral Fl 33990
941 244 3924

* All references to "Debtor" shall include and refer to both of the debtors in a case filed jointly by two individuals.

009674

Febuary 16, 2009

Dear Mr. Miller, Sir

I received Ruth's pitiful note over the weekend. I was surprised that
you allowed her to send that letter to me. I do not have any issues
with my file or paperwork. But, I do have a problem with Ruth.
The compact well detailed information I sent to Mr. Hollander, that
you now have, I guess, wasn't clear enough for you to allow Ruth
to send me a request for us to meet for an appointment. I think that
appointment is a waste of time, money, especially yours it is not needed.
If after you finish reading this letter you still think it is necessary
I will gladly comply.

As you know this all started November 19, 2008 when I recieved a letter
from LeeAnn Bennett Clerk of Court, asking me to comply with notice of
requirement regarding statements 1 and 2 of that letter that I know
you must have read 2 or 3 times. That's approximately the same amount of
copies I sent to Ruth via fax with out ever getting a verbal or written
response. That's why I'm sending this letter to you.

I lost all trust in your paralegal when via telephone conversation she
told me requirement 1 was just verbiage. I knew then that this women
had the appitude more of a mail order clerk than a paralegal.

As you can see in the paperwork you have, well documented and concise,
all I wanted from this women was a written confirmation with a date
that she complied with Ms Bennett's request.

I think you and every attorney in your firm would easily understand
why I would want this confirmation. Everyone except Ruth, you and
Mr. Hollander. You realize that over 3 months since she has not
responded to my correspondence this can be considered a breach between
consel and client.

I truly like you and Mr. Hollander you've handled my cases expediently
and professionally. I have no beef with either of you or your law firm,
However since I don't know what you have filed we may soon be at odds.

You know the outcome of the requested requirements, the court knows the outcome, but me already paid in full do not know the outcome.

I do not want to wait 3 years, spend 111.00 dollars a month, and find out at the end of those 3 years I do not get my discharge. I am somewhat disappointed with you Mr. Miller again, by not telling Ruth to send me the ------ letter. You have not confirmed in writing that you have complied with Lee Ann Bennet.

At the end of these 3 years if something falls through a crack I don't want to come back to you, and have you charge me 2 or 3 thousand, because your story is going to be you have to obtain my records from timbucktoo.

Right about now, you must have a bit of smoke coming out of your ears.

Be patient buddy, we are almost through.

Ruthy still has a legal responsibility to me to get the afore mentioned to me as quickly as she can type.

Mr. Miller again I like you guys. You are the old hard asses of business and have been successful I like that and thats why I came to your firm. You are a bit pricey, but what the hell you make the world go round and you get the job done. Not so sure right about now.

I want this letter period. It should be what I legally paid for.

Respectfully,
Ralph H. Esposito

Ralph H. Esposito

1444 S.E. 21st Terrace
Cape Coral, Fl 33990

Fax 239-458-3218

P.S. Mr Miller, I did not make you aware of this situation earlier because I thought it was petty and did not want to bother you with this. But since Ruth never came to her senses I had to bounce the ball into your court. Where it should be in the first place.

Ralph H Esposito Jr. Pro Se.
1444 SE 21st Ter.
Cape Coral Fl 33990
941 244 3924

**MILLER and HOLLANDER**
a partnership of professional associations
Attorneys At Law
2430 Shadowlawn Drive, Suite 18
Naples, Florida 34112
(239) 775-2000
Fax: (239) 775-7953

All replies to Naples only

Offices:
Port Charlotte, FL
(941) 743-7100

Fort Myers, FL
(239) 274-0700

Richard J. Hollander, P.A.
Edward R. Miller, P.A.

Gregory A. Champeau
Robert E. Tardif, Jr.

February 12, 2009

Mr. Ralph H. Esposito
1444 SE 21st Terrace
Cape Coral, FL 33990

Re: Chapter 13

Dear Mr. Esposito:

Please call the office upon receipt of this letter to make an appointment to see Mr. Miller since you apparently have some issues with your file and paperwork.

Very truly yours,

RUTH C. SAMUELSON
PARALEGAL

rcs

Ralph H Esposito Jr. Pro Se
1444 SE 21st Ter.
Cape Coral Fl 33990
941 244 3924

8. Ralph H. Esposito Jr. pro se the letter from the following individual is for substantiating factual documentation. Why wasn't this information given to me in November 2008?

9. Letter from Mr. Kilcoyne for informational purposes only.

   *Exhibit 8, February 19, 2009

10. Ralph H. Esposito Jr. pro se vs. Richard Hollander et al

    Letter from Mr. Hollander February 23, 2009. He states he does not find a document entitled completion of the instructional personal financial management. He does state he finds a certificate regarding domestic support obligation by debtor. He states the document is to be filed with my last payment to the trustee Judge Paskay statement 16, says but not later than 180 days prior to the debtors last payment even if there is no proceeding pending Richard Hollander also states he will do this, but because he is doing this he is accusing me of being abusive to his staff.

    *Exhibit 9, February 23, 2009; Mr. Hollander et al was not telling the truth.

    *Exhibit 10, Statement 16 November 19, 2008

11. Ralph H. Esposito Jr. pro se vs. Richard Hollander et al

    With response to abusive behavior

    *Exhibit 11, February 28, 2009

12. Ralph H. Esposito Jr. pro se vs. Richard Hollander et al

    Mr. Hollander states he has no document called completion of the instructional course in personal financial management. Also they withdrew as counsel of record for me the debtor.

Ralph H. Esposito Jr. Pro Se
1444 SE 21St Ter.
Cape Coral Fl 33990
941 244 3924

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA, TAMPA DIVISION**
**Sam M. Gibbons United States Courthouse**
**801 North Florida Avenue, Suite 518**
**Tampa, Florida 33602-3899**
**(813) 301-5037**

**Lee Ann Bennett**
**Clerk of Court**

**Chas. G. Kilcoyne**
**Deputy-in-Charge**

**February 19, 2009**

**Mr. Ralph H. Esposito, Jr.**
**1444 SE 21 Terrace**
**Cape Coral, FL 33990**

**Re: Your Case No. 9:08-bk-09577-ALP**

**Dear Mr. Esposito:**

**I as told you during our telephone conversation the Docket Sheet in your case reflects that you have filed both the Certificate of Debtor Education Concerning Personal Financial Management and the Certificate Regarding Domestic Support Obligation, which were the subject of the Notice sent to you on November 19, 2008.**

**Respectfully,**

Chas. G. Kilcoyne

**Encl.**

Ralph H. Esposito Jr. Pro Se.
1444 SE 21st Ter.
Cape Coral Fl 33990
941.244 3924

**MILLER and HOLLANDER**
a partnership of professional associations
Attorneys At Law
2430 Shadowlawn Drive, Suite 18
Naples, Florida 34112
(239) 775-2000
Fax: (239) 775-7953

All replies to Naples only

Offices:
Port Charlotte, FL
(941) 743-7100

Fort Myers, FL
(239) 274-0700

Richard J. Hollander, P.A.
Edward R. Miller, P.A.

Gregory A. Champeau
Robert E. Tardif, Jr.

February 23, 2009

Mr. Ralph H. Esposito, Jr.
1444 SE 21st Terrace
Cape Coral, FL 33990

Re: Chapter 13

Dear Mr. Esposito:

In response to your letter of February 17, 2009 requesting our acknowledgement of same or whether you have completed the requirements pursuant to the Court's notice to you of November 19, 2008, be advised as follows:

1. I do not find a document entitled completion of the instructional course in personal financial management;

2. I do find a document entitled Certification Regarding Domestic Support Obligation by Debtor. This document is to be filed with your last payment to the Trustee and not before. However, since you have sent this to us, we will have to file it immediately except that I need an original signature. I cannot accept a faxed copy. Upon receipt of one with an original signature, I will file same with the Court. I will need that document in my possession prior to the hearing on our Motion to Withdraw, a copy of which is being forwarded to you under separate cover. The motion is being filed because of your contumacious and abusive behavior to our staff.

If you have any questions, please contact us in writing.

Very truly yours,

RICHARD J. HOLLANDER

Ralph H Esposito Jr Pro Se
1444 SE 21 st Ter
Cape Coral Fl 33990
941 244 3924

RJH:rcs
M:\USERS\RUTH\R Esposito.ltr.wpd

Certificate Number: 01267-FLM-DE-004562308

Bankruptcy Case Number: 08-09577

# CERTIFICATE OF DEBTOR EDUCATION

I certify that on July 30, 2008, at 12:00 o'clock PM EDT, Ralph H Esposito completed a course on personal financial management given by telephone by Money Management International, Inc., a provider approved pursuant to 11 U.S.C. § 111 to provide an instructional course concerning personal financial management in the Middle District of Florida.

Date: July 30, 2008

By /s/Crystal Carriker

Name Crystal Carriker

Title Education Counselor

Ralph H. Esposito Jr. Pro Se
1444 SE 21st Ter.
Cape Coral, Fl 33990
941 244 3924

FEB. 27. 2009 8:43AM MMI No. 3256 P. 2

again, Sent to him from Money Management

Ralph H Esposito

Certificate Number: 01267-FLM-DE-004562308

Bankruptcy Case Number: 08-09577

# CERTIFICATE OF DEBTOR EDUCATION

I certify that on July 30, 2008, at 12:00 o'clock PM EDT, Ralph H Esposito completed a course on personal financial management given by telephone by Money Management International, Inc., a provider approved pursuant to 11 U.S.C. § 111 to provide an instructional course concerning personal financial management in the Middle District of Florida.

Date: July 30, 2008

By /s/Crystal Carriker

Name Crystal Carriker

Title Education Counselor

Ralph H Esposito Jr. Pro Se
1444 SE 21st Ter
Cape Coral Fl 33990
941 244 3924

16. By not later than 180 days prior to the Debtor's last payment, the Debtor shall file a declaration under penalty of perjury (see 28 U.S.C. section 1746) that (i) lists all domestic support obligations and whether such obligations are current and (ii) section 522 (q) (l) is not applicable and that no proceeding is pending in which the Debtor could be found guilty of an offense listed in section 522 (q) (l).

17. The entry of a discharge shall be withheld unless the Debtor completes the required personal debtor financial management course. Prior to completing all payments under the Plan, the Debtor shall file with the Court a certificate that such course has been completed.

18. This case is not subject to the provisions of section 521 (i) (l).

19. Payments to creditors, by the Trustee shall be in periodic installments. Creditors including all taxing authorities may not reject a payment simply because it may not pay a particular claim in full.

DONE AND ORDERED on November 19, 2008.

ALEXANDER L. PASKAY
UNITED STATES BANKRUPTCY JUDGE

Copies to be provided by CM/ECF service

JMW/KMB/br

Ralph H. Esposito Jr. Pro Se
1444 SE 21st Ter.
Cape Coral Fl 33990
941 244 3924

009674 42507009683033

Febuary 28, 2009

Mr. Hollander,

Tell me this motion is being filed because (2-23-09 letter)I was contumacious and abusive with your staff is an out right lie. You guys and your staff are so accustomed to pushing the most unfortuate around it's pretty pathetic.
Lets get back to that letter (2-23-09) where you accused me of abusive behavior to your staff. For a pro like you that was a pitiful way to end your letter. I may not have any cash now, but once did a bit. I was never abstreperous or scurrile with your paralegals, they were contumacious with me. What happened was another attempt to send out another girl to make another appointment for me to come into your office after every written documented piece of paper I have sent to you there is nothing else to talk about? Why won't you answer me in writing confirmation to Lee Ann Bennett's request.
When Marleen called on that Saturday a week or so you sent her on a dead end mission I think you knew that. What happened is Marleen barged and battered her way into my life, tried to force commit to an appointment that was a waste of time especially mine. Marleen was way over her head in this conversation I politely told her I was not making any appointments because another letter was being sent to you and Mr. Miller. You two read it and we can go from there. Also told her you and Miller would have to call me directly for that appointment you never did. I give her credit she tried her best but when realizing I wasn't one of those people you can push around she completely lost control of the conversation I had it. She started to studder and had nothing more intelligent to say if you call it that, she hung up on me, not very professional people you have there Mr. Hollander if you think that was abusive are you out of your mind? What do you consider you are doing to me going on 4 months to get the answer we should have by now burned into our brains it's considered holistic.

Engagingly,

[signature]

Ralph H. Esposito

Ralph H. Esposito Jr. Pro Se
1444 SE 21 St Ter.
Cape Coral Fl 33990
941 244 3924

**MILLER and HOLLANDER**
a partnership of professional associations
Attorneys At Law
2430 Shadowlawn Drive, Suite 18
Naples, Florida 34112
(239) 775-2000
Fax: (239) 775-7953

All replies to Naples only

Richard J. Hollander, P.A.
Edward R. Miller, P.A.

Gregory A. Champeau
Robert E. Tardif, Jr.

Offices:
Port Charlotte, FL
(941) 743-7100

Fort Myers, FL
(239) 274-0700

February 23, 2009

Mr. Ralph H. Esposito, Jr.
1444 SE 21st Terrace
Cape Coral, FL 33990

Re: Chapter 13

Dear Mr. Esposito:

In response to your letter of February 17, 2009 requesting our acknowledgement of same or whether you have completed the requirements pursuant to the Court's notice to you of November 19, 2008, be advised as follows:

1. I do not find a document entitled completion of the instructional course in personal financial management;

2. I do find a document entitled Certification Regarding Domestic Support Obligation by Debtor. This document is to be filed with your last payment to the Trustee and not before. However, since you have sent this to us, we will have to file it immediately except that I need an original signature. I cannot accept a faxed copy. Upon receipt of one with an original signature, I will file same with the Court. I will need that document in my possession prior to the hearing on our Motion to Withdraw, a copy of which is being forwarded to you under separate cover. The motion is being filed because of your contumacious and abusive behavior to our staff.

If you have any questions, please contact us in writing.

Very truly yours,

Ralph H. Esposito Jr. Pro Se
1444 SE 21st Ter
Cape Coral Fl 33990
941 244 3924

RICHARD J. HOLLANDER

RJH:rcs

M:\USERS\RUTH\R Esposito.ltr.wpd

**MILLER and HOLLANDER**
a partnership of professional associations
Attorneys At Law
2430 Shadowlawn Drive, Suite 18
Naples, Florida 34112
(239) 775-2000
Fax: (239) 775-7953

Richard J. Hollander, P.A.
Edward R. Miller, P.A.

Gregory A. Champeau
Robert E. Tardif, Jr.

All replies to Naples only

Offic
Port Charlotte, I
(941) 743-71

Fort Myers, I
(239) 274-07

March 6, 2009

Mr. Ralph H. Esposito
1444 SE 21st Terrace
Cape Coral, FL 33990

Dear Mr. Esposito:

I have no document called "Completion of the Instructional Course in Personal Financial Management.

Very truly yours,

MILLER and HOLLANDER

Richard J. Hollander, j

Richard J. Hollander, Esq.

RJH/jb

Ralph H. Esposito Jr. Pro Se
1444 SE 21st Ter.
Cape Coral, Fl 33990
941-244 3924

**March 20, 2009**

This info was 25 pg. did not want to be repetitive.

Ralph H Esposito

**Attention Florida Bar Association**

**I am enclosing a packet of information for your review. Also have included the necessary paperwork to file a formal complaint. Please advise as to the progress of the aforementioned information.**

**Respectfully,**

RHE

**Ralph H. Esposito**
**1444 SE 21st Ter**
**Cape Coral, FL 33990**

Ralph H. Esposito Jr. Pro Se
1444 SE 21st Ter.
Cape Coral, Fl 33990
941 244-3924

[8NPH] [Notice of Hearing]

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

In re:

Case No. 9:08-bk-09577-ALP
Chapter 13

Ralph H Esposito Jr
1444 SE 21st Ter
Cape Coral, FL 33990

Debtor* /

NOTICE OF PRELIMINARY HEARING

NOTICE IS HEREBY GIVEN THAT:

A preliminary hearing will be held in, Room 4-117, Courtroom E, United States Courthouse, 2110 First St., Fort Myers, FL 33901 on March 20, 2009 at 09:15 AM before the Honorable Alexander L. Paskay , United States Bankruptcy Judge, to consider and act upon the following matter(s):

Motion to Withdraw as Counsel of Record for Debtor by Miller & Hollander

Appropriate Attire. You are reminded that Local Rule 5072-1(b)(16) requires that all persons appearing in court should dress in business attire consistent with their financial abilities. Shorts, sandals, shirts without collars, including tee shirts and tank tops, are not acceptable.

Avoid delays at Courthouse security checkpoints. You are reminded that Local Rule 5073-1 restricts the entry of cellular telephones and, except in Orlando, computers into the Courthouse absent a specific order of authorization issued beforehand by the presiding judge. Please take notice that as an additional security measure a photo ID is required for entry into the Courthouse.

DATED on March 9, 2009 .

FOR THE COURT
Lee Ann Bennett , Clerk of Court
801 N. Florida Ave. Suite 727
Tampa, FL 33602-3899

*All references to "debtor" shall include and refer to both debtors in a case filed jointly by two individuals.

Ralph H. Esposito Jr. Pro Se
1444 SE 21st Ter.
Cape Coral Fl 33990
941-244 3924

IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA, FORT MYERS DIVISION

In Re:

RALPH H. ESPOSITO, JR.

Case No. 9:08-bk-09577-ALP

Debtors.

______________________________ /

**ORDER ALLOWING WITHDRAWAL OF COUNSEL**

THIS CAUSE came before the Court on March 20, 2009 on the Motion to Withdraw as Counsel filed by Miller and Hollander and the Court having considered the record and the argument of the Debtor and counsel, and the Court being otherwise fully advised, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Withdraw as Counsel filed by Miller and Hollander is granted. The firm of Miller and Hollander and all of its attorneys are hereby relieved of any and all future duties and obligations with respect to this case.

DONE and ORDERED at Tampa, Florida on May 05, 2009.

[signature]

ALEXANDER L. PASKAY
United States Bankruptcy Judge

cc: Assistant United States Trustee (electronically)
Jon Waage (electronically)
Edward R. Miller (electronically)
Ralph Esposito, 1444 SE 21st Terr., Cape Coral, FL 33990
All Creditors and Parties in Interest

Ralph H Esposito Jr. Pro Se
1444 SE 21st Ter.
Cape Coral Fl 33990
941 244 3924

023930

**MILLER and HOLLANDER**
**a partnership of professional associations**
**Attorneys At Law**
**2430 Shadowlawn Drive, Suite 18**
**Naples, Florida 34112**
**(239) 775-2000**
**Fax: (239) 775-7953**

**All replies to Naples only**

**Offices:**
**Port Charlotte, FL**
**(941) 743-7100**

**Fort Myers, FL**
**(239) 274-0700**

**Richard J. Hollander, P.A.**
**Edward R. Miller, P.A.**

**Gregory A. Champeau**
**Robert E. Tardif, Jr.**

July 14, 2009

Ms. Heidi E. Brewer
Bar Counsel
Consumer Assistance Program
651 East Jefferson Street
Tallahassee, FL 32399-2300

re: Inquiry Ralph H. Esposito
The Florida Bar File No.s
2009-11,626 (20B) and
2009-11,627 (20B)

Dear Ms. Brewer:

I am responding on behalf of Edward R. Miller and myself as relates to the above matter. The following is from a review of the file, my knowledge of our procedures and discussions with Mr. Miller and staff as relates to this matter.

Mr. Esposito was a previous client of ours having filed a chapter 7 bankruptcy in 2002. He came back to see us in February of 2008. His complaint relates to his 2008 case. Mr. Esposito's Chapter 13 case was filed on April 27, 2008. His Certificate of Debtor Education was filed in his 2008 case on August 13, 2008 and then re-filed again on March 12, 2009. His Certification Regarding Domestic Support Obligation was filed on December 11, 2008. His case has been confirmed. In order to complete his bankruptcy and receive his discharge he needs to complete the payments required under his plan of repayment and file a new Certification Regarding Domestic Support Obligation with his last payment. The Certification Regarding Domestic Support Obligation is not effective unless filed with or after the last payment required under the plan of repayment.

Ralph H. Esposito Jr. Pro Se

M:\USERS\RICHARD\Working Cases\Florida Bar Issues\Esposito Inquiry.wpd

1444 SE 21st Ter.
Cape Coral Fl 33990
941 244 3924

Mr. Esposito's Inquiry/Complaint form indicates that he is complaining of "Civil Rights violation and Malpractice" pursuant to the documents he attached to his Inquiry/Complaint form. A review of these letters do not revel any civil rights violations or malpractice on the part of Mr. Miller, the firm of Miller and Hollander, any of the staff of Miller and Hollander or myself.

It appears that Mr. Esposito's complaints started with his letter of November 25, 2008 and escalated from there. His main area of inquiry was a notice received from the Bankruptcy Court Clerk regarding the Debtor Education Course and the certification regarding domestic support obligation. His Certification Regarding Debtor Education was filed on August 13, 2008 and again on March 12, 2009. Mr. Espositio was advised in December 2008 by Ruth that the Certificate of Debtor Education had been filed. It was further explained to Mr. Esposito that the Certification Regarding Domestic Support Obligation could not be filed until after the last payment under his plan of repayment.

No

No

From that point forward, Mr. Esposito became more and more abusive to Ruth and other staff members. A review of Mr. Esposito's letters reflect his abusive attitude. In his letter of February 16, 2009 to Mr. Miller he states:

No

1. "I knew then that this women had the aptitude more of a mail order clerk than a paralegal."

Corruption

2. "You realize that over 3 months since she has not responded to my correspondence this can be considered a breach between consel (sic) and client, I can sue her for this."

3. "I am somewhat disappointed with you Mr. Miller again, by not telling Ruth to send me the ------ letter."[1]

damned

Mr. Esposito is not making a complaint regarding Mr. Miller or myself. In fact he states in his February 16th letter:

"I truly like you and Mr. Hollander you've handled my cases expediently and professionally. I have no beef with either of you or your law firm."

His real complaint is revealed in his letter of February 16th when he states:

"I don (sic) not want to wait 3 years, spend 111.00 dollars

---

[1]Dashes in original letter.

Never confirmed Lee Varul's Letter.

M:\USERS\RICHARD\Working Cases\Florida Bar Issues\Esposito Inquiry.wpd

Ralph H Esposito Jr. Pro Se
1444 SE 21st Ter.
Cape Coral Fl 33990 941-244-3924

a month, and find out at the end of those 3 years I do not get my discharge."

No one can guarantee Mr. Esposito a discharge. If he makes all his plan payments, if no party in interest files any charges against him for improper conduct in the bankruptcy pursuant to the Bankruptcy Code, and if he timely files his Certification Regarding Domestic Support Obligation, he should receive his discharge after completion of his last payment. However, we cannot guarantee him a discharge.

Wrong -

Mr. Esposito has not asserted any fact which reflects a violation of the rules of profession conduct. Mr. Esposito is not complaining of Mr. Miller or myself. Though Mr. Esposito may have had some frustration with a member of staff in our office, Mr. Miller on more than one occasion tried to have a office conference with Mr. Esposito to resolve any issues he may have had. Each time he refused to meet with Mr. Miller. Wrong -

wrong

In light of the above, we respectfully suggest that Mr. Esposito's inquiry/complaint is unfounded. If I can be of any further assistance please contact me at your convenience.

Thank you for your consideration of the above.

Very ~~truly~~ yours,

Richard J. Hollander

cc: Ralph H. Esposito
1444 SE 21st Terrace
Cape Coral, FL 33990

Ralph H Esposito Jr. Pro Se
1444 SE 21st Ter.
Cape Coral Fl 33990
941 244 3924

M:\USERS\RICHARD\Working Cases\Florida Bar Issues\Esposito Inquiry.wpd

Review of Mr. Hollander's letter July 14, 2009
Never knew Debtor education was filed 8/13/09 and refilled 3/12/09. Why refilled 3/12/09?
Domestic Support filled 12/11/09.
Letter 12/2/08 Domestic Support to be filed with or after last payment required under plan.
Did not know this, 8 months later I find this out. Why didn't they tell me this in November or December 2008?
Letter 11/19/08 If Lee Ann's letter was not correct it should have been addressed by the attorneys.
Letter 11 /25/08 with reference to 11/25/08 letter to Mr. Miller, it did not escalate, but I was persistent since I was not getting any response.
Was never advised in 12/08 by Ms. Samuelson that Debtor education was filed. Never told Support obligation could not be filed until last payment.
Never was abusive to Ms Samuelson. We spoke over the telephone maybe 2 times I called her regarding the letter and she stated the financial course was just verbiage. 2. Again was never told support obligation could not be filed until last payment.
Letter 12/4/09 Ms. Samuelson sent me the support obligation, I filled it out and returned it back to her this was 12/2/08. Why would she do that if what Mr. Hollander is saying is true?
Mr. Hollander said I was abusive with Ms Samuelson and other staff members. I wrote to him and asked him who the other staff members were he never replied. As I see this, Mr. Hollander is interpreting abuse from a letter I sent to Mr. Miller. Letter 2/16/09, this woman has the aptitude of a mail order clerk, this is after 3 months she didn't respond, I knew that statement would be challenged I did not realize how sensitive Mr. Hollander was being a Bankruptcy Attorney, But I do want to mention, I worked my way through college and did work for the Post Office some of those clerks make as much money as Ruth if not more. It really was not a big deal. But Mr. Hollander thought so; I wonder what his true motive was?
Over 3 months, Mr. Hollander also states abuse because I stated breech of counsel I can sue her for this, that's not abuse, its malpractice and a business opinion.
If he elects to use the word abuse, for the aforementioned information right out of Webster's dictionary, After abandoning me for those months, I can use the word corruption a corruptly influence
Somewhat disappointed, word not typed was damned.
I truly like etc. I put that in to hopefully end this. I wanted answers to Mr. Bennett's letter 11/19/08.
Don sic (typo error) 3 years and I find out I do not get a discharge Mr. Hollander you are correct. But not because no one can guarantee me a discharge. You and the other defendants never told me or answered questions pertaining to that letter. Mr. Hollander it was the unknown that I was threatened by. Again, I was never aware of the letter you mentioned early on.
Letter 2/19/09 If Mr. Kilcoyne can answer me near the end of Feb, You Mr. Miller and Ruth should have be able to do the same in November 2008.
Many of my facts point to malpractice.

Ralph H Esposito Jr. Pro Se
1444 SE 21st Ter.
Cape Coral Fl 33990
941 244 3924

There was no frustration with Ms. Samuelson, just business questions. You and Mr. Miller never responded to any of my letters.
I knew as soon as Mr. Miller didn't reply, I could no longer trust him, yourself or Ms. Samuelson.
From the very first phone call to Ms. Samuelson, I knew that her comment, verbiage, was nonsense. I was polite and did not challenge her.
I did not want one of the contingencies to fall through a legal crack, and spend more money with the defendant's.
Letter 9/29/09 With reference to the letter, it did not refer to the problem of the previously mentioned letter from Lee Ann Bennett 11/19/08.

Letters 2/23/09, 3/6/09 Back to the refile 3/12/09, Paragraph 12.

The 9/29/09 letter from the Florida Bar, states you said Ms. Samuelson told me via telephone the support obligation should be filed with last payment. The Bar never discussed the first, Debtor education because of Mr. Hollanders two letters 2/3/09 and 3/6/09. The via telephone call is problematic. In my opinion most of their defense is within this paragraph. You can not prove or disprove a telephone call. She says she did call, I said she did not. I hope the questions can be answered in court under oath, which may Give Ms. Samuelson more time to think this through.
To resolve this issue I want it to be known, I will not hesitate to submit to a polygraph test regarding this telephone call. I know I will pass this, the truth will be known and the defendants defense will fall apart like a house of cards.
Mr. Hollander you also spelled Ms. Samuelson's name incorrectly, twice, you spelled it Samuels.

Ralph H. Esposito Jr. Pro Se.
1444 SE 21st Ter.
Cape Coral Fl 33990
941 244 3924

July 14, 2009
The Florida Bar
651 E. Jefferson Street
Tallahassee, FL 32399-2300
Attention Heidi Brewer
Overview to Mr. Hollander's Response
Florida Bar File Number 2009-11,627(20B)
2009-11,626(20B)

Dear Heidi,
I did receive a response from Mr. Hollander today. My response will refer paragraph by paragraph with my rebuttal as such. Since I have their response, you also must have it. I will be succinct regarding this complaint. Their response is without substantiated written facts and occurrences.
Paragraph 1. No rebuttal
Paragraph 2. Rebuttal
Paragraph 3. Rebuttal
Paragraph 4. Rebuttal
Paragraph 5. Rebuttal
Paragraph 6. Rebuttal
Paragraph 7. Rebuttal

Paragraph 2.
The Chapter 13 case was filed April 27, 2008. The debtor education was files 8/13/08, and refiled in March 12,2009 because Mr. Hollander said February 23, 2009, and March 6, 2009 he did not have record of the personal financial management course. Received new copies from Money Management. The letter from Lee Ann Bennett was dated Nov 19, 2008. Mr. Hollander has not answered to me the filing for personal finance counseling, and neither did Ruth or Mr. Miller.
Lee Ann Bennett's letter never mentioned for me to wait until last payment before filing a new certificate regarding Domestic Support. Her letter directly said (you have numerous copies of this letter) File a certificate in accordance with 11 USC Section 1328(a) that was her point # 2.
Paragraph 3.
Again Mr. Hollander is taking out of context Civil Rights Violation and Malpractice. I was never advised by Ruth (not true) that the Certificate of Debtor Education was filed Aug, 13, 2008 and March 2009. If that is true, where is the written confirmation from Ruth, why the letter of Feb 2009 from Mr. Hollander? I was not advised by Ruth where is her letter to me, stating that she wrote to me advising that I was advised on Dec 2008 regarding Debtor education. She told me question #1 Lee Ann Bennett's letter was just verbiage. Never was told by Ruth in December that the Domestic Support obligation could not be filed until after the last payment. If that's the case, why do I have a copy of a filled out Domestic Support form sent to me by Ruth?

Ralph A. Esposito Jr Pro Se.
1444 SE 21st Ter.
Cape Coral Fl 33990
941 244 3924

Paragraph 4-1.

Mail order clerk, why shouldn't I refer to that when she denies the support form and denies ever commenting on question 1 of Lee Ann's letter.

Paragraph 4-2.

True. It has been over 3 months since this attorney firm has left me without knowing what is going on without written confirmation from the bankruptcy court, paid in full, over 3 months, I hear nothing, what do you expect for me to say? I have handled my matters in a very professional manner this is not abuse. "Look it up in the dictionary" The reality of not having written confirmation like he said is over 3 months. "Corruption"

Paragraph 4-3.

In my opinion Mr. Hollander you are deceitful using sentences out of context where after reading the entire script, in my opinion you guys have been dishonest with me and the Bar. Because you think vulgarity the dashes in your statement 3 stands for damned again this shows you my professionalism

Paragraph 5.

No one can guaranty Mr. Esposito a discharge. Wrong again, I can because I have not missed a payment, my record is perfect and I will pay the remaining balance. The rest of that paragraph is legal but wordy. I am complaining of Mr. Hollander and Mr. Miller, Mr. Miller was aware of this problem November 25, 2008. I have already stated previously and after 3 months of patience I knew then that the problem was with Mr. Miller and Hollander and Ms. Samuelson. With regards to the request for conference it was a waste of my time after the numerous pages of information, of letters and faxes I stated several times to you also in writing I wanted written confirmation to Lee Ann Bennett's letter November 2008 I thought that was clear enough, apparently not. After this information was given to you and Mr. Miller I asked for an appointment and I would comply. Never heard from you or Mr. Miller again.

I will file a timely Support Obligation, even though Lee Ann said it didn't matter, so I will call her again, and find out if Lee Ann was correct in asking for it November 19, 2008 or if my past rapport with you and Mr. Miller was wrong for you to tell me to wait until last payment.

Paragraph 6.

I have asserted many facts which reflect violation of the rules of professional conduct. From February on I did start to focus on you and Mr. Miller, I give both of you ample time to correct this, never happened. Again when I sent everything in question in writing to you and Mr. Miller I wanted written confirmation for Lee Ann's letter which never came. I also asked you and Mr. Miller to call me for the appointment, you never did. So, nothing else was said. I then initiated via written format that everything must be in writing. Mr. Miller and Mr. Hollander you are absolutely wrong with your position with this matter.

Paragraph 7.

My complaint is definitely founded and has merit. Mr. Hollander and Mr. Miller's complete response has used a lot of words without any facts, dates, or written data. Abuse: Mr. Hollander you used this word quite a bit. It is probably due to the type of business you are in and your thinking is vulgar. You have not proven this "abuse" since

Ralph H Esposito Jr. Pro Se
1444 SE 21st Ter
Cape Coral Fl 33990   941 244 3924

everything I put in writing was an answer to the conflict you and Mr. Miller created. I was quite professional. Look what you have done to me, after 3 months which you stated early on I did not know what type of problems without your written answers, I would encounter from Lee Ann Bennett Clerk of US Bankruptcy Court.

Thank you for your attention with this matter.

Cordially,

Ralph H Esposito

Ralph H. Esposito
cc: Richard J. Hollander
2430 Shadowlawn Drive Suite 18
Naples, FL 34112

P.S. Mr. Hollander; you never mentioned in your rebuttal to Heidi, your motion to withdraw as counsel of record for debtor by Miller and Hollander, decided at the United States Bankruptcy Court. Why was that? I think you owe the Bar and me a full explanation. Again since you left this out, I can only state again the dishonest intentions of you and Mr. Miller.

Ralph H. Esposito Jr. Pro Se
1444 SE 21st Ter.
Cape Coral, Fl 33990
941 244-3924

September 11, 2009

Mr. Kenneth Marvin
Director of Lawyer Regulation
The Florida Bar
651 East Jefferson Street
Tallahassee, FL 32399-2300

Dear Sir,

I have been waiting for answers from Mr. Miller and Mr. Hollander, regarding the case you have in hand, since November, 2008. (10 Months). Not hearing from them, as my legal representation for all that time, should prove at least misrepresentation, malpractice, and or civil rights violation.

I am requesting polygraph testing for myself, Mr. Miller and Mr. Hollander. I know they cannot be forced to take this test, but since they have taken the oath to serve as legal servants, by law, I do not see a problem regarding this. If they say no, and I say yes, that should tell you a bit more about Mr. Miller and Mr. Hollander.

Polygraphs may or not be used in a court room pending a judge's discretion. However a Federal Judge can review the results in his chambers.

Cordially,

Ralph H. Esposito
1444 SE 21st Ter
Cape Coral, FL 33990

Ralph H. Esposito Jr. Pro Se
1444 SE 21st Ter
Cape Coral Fl 33990
941 244 3924

**September 15, 2009**

**Mr. Hollander,**

**I am offering you an opportunity to submit to a polygraph test (of course I will do the same) regarding why no response from you, to me, Lee Ann's letter of November 19, 2008.**
**If you pass, I will drop the formal complaint I initiated with the Florida Bar, and will not proceed with any lawsuit against you.**
**I expect a response by, September 25, 2009, if I do not hear from you; you have refused the polygraph testing.**

**Cordially,**

Ralph H Esposito

**Ralph H. Esposito**
**1444 SE 21st Terrace**
**Cape Coral, FL 33990**

Sent out
2 letters
the other to
Edward Miller
No Response.

**September 15, 2009**

**Mr. Miller,**

**I am offering you an opportunity to submit to a polygraph test (of course I will do the same) regarding why no response from you, to me, Lee Ann's letter of November 19, 2008.**
**If you pass, I will drop the formal complaint I initiated with the Florida Bar, and will not proceed with any lawsuit against you.**
**I expect a response by, September 25, 2009, if I do not hear from you; you have refused the polygraph testing.**

**Cordially,**

**Ralph H. Esposito**
**1444 SE 21st Terrace**
**Cape Coral, FL 33990**

September 18, 2009

FBI Tampa
55525 West Gray Street
Tampa, FL 33609

Dear Sir,
I have been attempting to get answers from my attorneys, Mr. Miller and Mr. Hollander, regarding a request by the Middle District Bankruptcy Court, letter, November 19, 2008 now entering 11 months. I initiated a formal complaint in March 2009, (Florida Bar) still have not received any answer, now entering 7 months.
As you know the Florida Bar is an entity within itself. The Governor, nor the Supreme Court have any authority over them. My opinion, they are intentionally delaying an answer to me regarding attorneys Edward Miller, and Richard Hollander. I enclosed a packet of information for your review.
Please see if you can get me the answer I requested, March 20, 2009 to this, complaint. I did not initiate any complaint against the Bar it would have been useless. I have always respected our government.
Sir, thank you.

Respectfully,

Ralph H. Esposito
1444 SE 21st Terrace
Cape Coral, FL 33990

Ralph H. Esposito Jr. Pro Se
1444 SE 21 St Ter
Cape Coral Fl 33990
941 244 3924

*Exhibit 12, February 23, 2009; Richard Hollander et al did not tell the truth.

*Exhibit 13, March 6, 2009; Richard Hollander et al did not tell the truth.

*Exhibit 14, March 20, 2009; Initiated formal complaint with the Florida Bar.

*Exhibit 15, March 20, 2009; Richard Hollander et al withdrew as counsel.

13. Ralph H. Esposito Jr. pro se vs. Richard Hollander et al

My chapter 13 case was filed April 27, 2008. filing.

*Exhibit 16, July 14, 2009, Richard Hollander et al letter

14. Ralph H. Esposito Jr. pro se vs. Richard Hollander et al

Review of Mr. Hollander's letter July 14, 2009. Never knew debtor education was filed August 13, 2008 and refilled March 12, 2009 Why refilled March 12, 2009?

*Exhibit 17, Review of letter July 14, 2009

*Exhibit 18, February 23, 2009; Paragraph 12.

*Exhibit 19, March 6, 2009: Paragraph 12.

15. Rebuttals

*Exhibit 21, July 14, 2009; Defendants;

Breach of duty in the performance of professional service

Failed to perform adequate and reasonable discovery

16. Letter to Kenneth Marvin Florida Bar for informational purposes only

*Exhibit 22, September 11, 2009.

17. Letter to Richard Hollander et al

*Exhibit 23, September 15, 2009.

18. Letter to FBI Tampa informational purposes only.

*Exhibit 24. September 18, 2009.

Ralph H Esposito Jr. Pro Se
1444 SE 21st Ter.
Cape Coral Fl 33990
941 244 3924



# THE FLORIDA BAR

651 EAST JEFFERSON STREET
TALLAHASSEE, FL 32399-2300

JOHN F. HARKNESS, JR.
EXECUTIVE DIRECTOR

850/561-5600
WWW.FLORIDABAR.ORG

September 29, 2009

September 29, 2009 Florida Bar never addressed LeeAnn Bennetts first contingency to complete an instructional course in personal financial management and file a completion to receive a discharge.

Mr. Ralph H. Esposito
1444 SE 21st Terrace
Cape Coral, FL 33990

Ralph H. Esposito Jr. Pro Se
1444 SE 21st Ter.
Cape Coral Fl 941 244 3924

Re: Richard Jeffrey Hollander; The Florida Bar File No. 2009-11,627 (20B)

Dear Mr. Esposito:

Your case was referred to me for review. All correspondence and documents submitted in this matter have been carefully reviewed. Your complaint alleges malpractice and a civil rights violation. This matter appears to stem from the fact that paralegal, Ms. Ruth Samuels, failed to provide written confirmation to your inquiry regarding submission of certain documents to the bankruptcy court. You also alleged that you attempted to get a response from Ruth, Mr. Hollander and Mr. Miller for approximately three months and ultimately learned from Mr. Chas Kilcoyne that the documents were filed.

Mr. Hollander asserts on both his behalf and that of Mr. Miller that you were informed by Ms. Samuels via telephone of the action necessary regarding the two documents, specifically that the Certificate for Domestic Support Obligation should be filed with or after your last payment to the Trustee. He further asserts that you were subsequently informed by letter to call the office to schedule an appointment with Mr. Miller to discuss your concerns and you refused to do so. Lastly, Mr. Hollander states that the firm withdrew from your case due to your abusive attitude towards the staff.

When The Florida Bar initiates disciplinary action against an attorney it does so by first obtaining a probable cause determination by a grievance committee, following which a formal complaint is filed in the Florida Supreme Court and served upon the respondent lawyer. A Referee (Judge) is appointed by the Court to try the case and report to the Court with recommendations as to whether or not the respondent lawyer has violated one or more of the Rules Regulating The Florida Bar, and if so, the nature of the discipline that should be imposed. The Bar's role is similar to that of the prosecutor in a criminal proceeding. The Court then adopts or modifies the recommendations of the Referee and enters its disciplinary order.

As you can see from the foregoing description, Bar counsel must analyze the complaint and the supporting evidence from the standpoint of whether or not, as a prosecutorial agency, the case stands a reasonable chance of being won if litigated. One of the considerations Bar Counsel must

Ralph H Esposito Jr. Pro Se
1444 SE 21st Ter.
Cape Coral Fl 33990
941 244 3924

weigh in deciding whether to close a file or proceed further to seek disciplinary measures is the weight of the available evidence. If the Bar seeks to discipline the lawyer, it is required by Supreme Court ruling to show, by "clear and convincing" evidence that there has been a violation of one or more of the Rules Regulating The Florida Bar. Clear and convincing evidence has been defined as "evidence so clear, direct and weighty and convincing as to enable the fact finder to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue." This burden of proof is heavier than the burden of proof required in an ordinary civil trial and could not be met based on the information provided.

There is insufficient evidence from the materials provided that Mr. Hollander has violated any of the rules adopted by the Supreme Court of Florida which govern attorney discipline. Accordingly, continued disciplinary proceedings in this matter are inappropriate and our file has been closed. The computer record will be purged and the file destroyed one year from the date of closing.

Sincerely,

Shaneé L. Clark

Shaneé L. Clark, Bar Counsel
Attorney Consumer Assistance Program
ACAP Hotline 866-352-0707

cc: Mr. Richard Jeffrey Hollander

Ralph A. Esposito Jr. Pro Se
1444 SE 21st Ter.
Cape Coral Fl 33990
941 244 3924

October 5, 2009

The Florida Bar
651 East Jefferson Street
Tallahassee, FL 32399

Attention Shanee L. Clark, Bar Counsel
Attorney Consumer Assistance Program,

I know this will not change your decision, but I do not want it to. However I did want this to go on record before the files are destroyed one year from the date of closing, which I will interpret as September 29, 2009 or before aforementioned date.

1. Mr. Hollander says, I was informed by MS Samuels, that the action of two documents, specifically the certificate for Domestic Support was to be filed with or after my last payment to the trustee. That's not true. Since you skipped over the other document, I will not waste my time addressing it. I was first informed of with or last payment, by Mr. Hollander July 14, 2009, when he responded to the bar.

2. If I was informed of the procedure of how the support obligation was to be handled, why (enclosed) did I have a completed, (copy of the Support Obligation) December 2, 2008 from Ruth?

3. Informed by letter to call the office letter enclosed this letter did not refer to the letter of Lee Ann Bennnet Nov 19, 2008. Out of which I believe you are referring to the two documents. Her letter stated, without purpose to my reference to, Lee Ann Nov 11, 2008. Do you see anything in that letter regarding what you have stated to me in your conclusion of this complaint.

4. Mr. Miller and Mr. Hollander are hanging their hats on that letter.

A. Why should I agree to an appointment to that letter that was not the appointment I wanted? I did reply back to them and stated I would be more than pleased to make that appointment if it specified directly to Lee Ann Bennets letter Nov 19, 2008

5. Abusive attitude not true. If so, where is his proof from his staff, is that not considered hearsay. Also I believe what you have sent me will be considered true and under the oath of federal law.

You have not disappointed me, almost to the letter of your response.
At this point, all I can say, is, thank you very much.

Sincerely,

Ralph H. Esposito
1444 SE 21st Ter
Cape Coral, FL 33990

Ralph H Esposito Jr. Pro Se
1444 SE 21st Ter.
Cape Coral, Fl 33990
941 244 3924

**MILLER and HOLLANDER**
a partnership of professional associations
Attorneys At Law
2430 Shadowlawn Drive, Suite 18
Naples, Florida 34112
(239) 775-2000
Fax: (239) 775-7953

All replies to Naples only

Offices:
Port Charlotte, FL
(941) 743-7100

Fort Myers, FL
(239) 274-0700

chard J. Hollander, P.A.
lward R. Miller, P.A.

regory A. Champeau
obert E. Tardif, Jr.

February 12, 2009

Mr. Ralph H. Esposito
1444 SE 21st Terrace
Cape Coral, FL 33990

Re: Chapter 13

Dear Mr. Esposito:

Please call the office upon receipt of this letter to make an appointment to see Mr. Miller since you apparently have some issues with your file and paperwork.

Very truly yours,

RUTH C. SAMUELSON
PARALEGAL

rcs

Ralph H Esposito Jr. Pro Se
1444 SE 21st Ter.
Cape Coral, Fl 33990
941 244 3924

October 23, 2009

Richard Hollander
2430 Shadowlawn Drive, Suite 18
Naples, FL 34112

Mr. Hollander,

Send me the names and titles of anyone in your staff accusing me of being abusive to them. I want this information by 10/29/09. If you do not reply, Ruth Samulson is the only person accusing me of abusive behavior.

Cordially,

"2 Letters went out the same no reply."

Ralph H Esposito

Ralph H. Esposito
1444 SE 21st Terrace
Cape Coral, FL 33990

Ralph H Esposito Jr. Pro Se.
1444 SE 21st Ter.
Cape Coral Fl 33990
941-244 3924

October 23, 2009

Edward Miller
2430 Shadowlawn Drive, Suite 18
Naples, FL 34112

Mr. Miller,

Send me the names and titles of anyone in your staff accusing me of being abusive to them. I want this information by 10/29/09. If you do not reply, Ruth Samulson is the only person accusing me of abusive behavior.

Cordially,

Ralph H. Esposito
1444 SE 21st Terrace
Cape Coral, FL 33990

Ralph H Esposito Jr Pro Se
1444 SE 21st Ter
Cape Coral Fl 33990
941 244 3924

19. Received Florida Bar Decision

*Exhibit 25, September 29, 2009; Never addressed Financial Management Course

20. Letter sent to Florida Bar

*Exhibit 26, October 5, 2009; informational purposes only.

21. Letter sent to Richard Hollander et al

*Exhibit 27, October 23, 2009; Defendants;

Failed to use reasonable care in providing legal service to client.

Intent to deceive the court making false statements. False statements, refused to acknowledge wrongful nature of conduct. Your honor if you feel I have proven this case, the compensatory amount to be considered is:

| | |
|---|---|
| Richard Hollander et al | 45% |
| Edward Miller | 45% |
| Ruth Samuelson | 10% |

In closing, I sincerely thank you for the additional time with this amended complaint.

Respectfully,

Ralph H. Esposito Jr. Pro Se

Ralph H. Esposito Jr. pro se

1444 SE 21st Ter
Cape Coral, FL 33990
941-244-3924