UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION

RALPH H. ESPOSITO, JR.,

                    Plaintiff,

vs.                                 Case No.  2:09-cv-728-FtM-29SPC

RICHARD HOLLANDER; EDWARD MILLER;
RUTH SAMELSON,

_____


                        **OPINION AND ORDER**

　　　This matter comes before the Court on consideration of defendants' Motion to Dismiss (Doc. #6) and the Report and Recommendation (Doc. #13) recommending that plaintiff's Motion for Appointment of Counsel (Doc. #2) be denied and the Complaint be dismissed without prejudice, with leave for plaintiff to file an amended complaint.  Plaintiff filed Written Objections (Doc. #24) to the Report and Recommendation, but also filed an Amended Complaint (Doc. #26).  Plaintiff also filed a Notice (Doc. #22).

　　　In light of the Amended Complaint, the Report and Recommendation and the Motion to Dismiss are moot.  The Court will, however, review the Amended Complaint for subject matter jurisdiction and pleading sufficiency.

　　　Read liberally because of plaintiff's *pro se* status, the Amended Complaint (Doc. #26)  alleges legal malpractice by members of the law firm which represented plaintiff in a Chapter 13 bankruptcy proceeding.  Federal courts are courts of limited

jurisdiction, and cannot act outside their statutory subject-matter jurisdiction. University of S. Ala. v. Am. Tobacco, 168 F.3d 405, 409-410 (11th Cir. 1999). While the Amended Complaint makes reference to the First Amendment, no cause of action is stated under the First Amendment or any other U.S. Constitutional provision or federal law, and therefore no jurisdiction exists under 28 U.S.C. § 1331. Additionally, all parties are citizens of Florida, and therefore not jurisdiction exists under 28 U.S.C. § 1332(a)(1). University of S. Ala. v. Am. Tobacco, 168 F.3d at 412. It appears, however, that the district court has subject matter jurisdiction because the legal malpractice claim is based on plaintiff's attorney's handling of his bankruptcy case, and thus "arises under" Title 11 for purposes of federal jurisdiction. Capitol Hill Group v. Pillsbury, Winthrop, Shaw, Pittman, LLC, 569 F.3d 485, 489 (D.C. Cir. 2009); Heck-Dance v. Cardona-Jimenez, 102 Fed. Appx. 171, 171-72 (1st Cir. 2004); Grausz v. Englander, 321 F.3d 467 (4th Cir. 2003); Southmark Corp. v. Coopers & Lybrand (In re Southmark Corp.), 163 F.3d 925 (5th Cir. 1999); Billing v. Ravin, Greenberg & Zackin, P.A., 22 F.3d 1242, 1244 (3d Cir. 1994).

The Amended Complaint clearly fails to properly state any cause of action against any defendant. Plaintiff has not complied with the filing instructions provided in the Report and Recommendation (Doc. #13, pp. 5-6), and even liberally construed, the Amended Complaint is insufficient. Plaintiff will be given one last opportunity to adequately set forth his cause(s) of action

with the supporting facts and allegations set forth in the document to be entitled "Second Amended Complaint."  Any exhibits should be attached at the <u>end</u> of the Second Amended Complaint.

Accordingly, it is now

**ORDERED:**

1.  The Report and Recommendation (Doc. #13) is **ADOPTED IN PART** as to appointment of counsel and is otherwise **MOOT**.

2.  Plaintiff's Motion for Appointment of Counsel (Doc. #2) is **DENIED**.

3.  Defendants' Motion to Dismiss (Doc. #6) is **DENIED AS MOOT**.

4.  Plaintiff's Motion for Summary Judgment (Doc. #21) is **DENIED AS MOOT**.

5.  The Amended Complaint (Doc. #26) is **DISMISSED WITHOUT PREJUDICE**.  Plaintiff may file a second amended complaint setting forth all his cause(s) of action within **TWENTY-ONE (21) DAYS** of the date of this Order.

**DONE AND ORDERED** at Fort Myers, Florida, this ___22nd___ day of December, 2009.

JOHN E. STEELE
United States District Judge

Copies:
U.S. Magistrate Judge
Plaintiff
Counsel of record