UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RALPH H. ESPOSITO, JR.,

              Plaintiff,

-vs-                                                  Case No. 2:09-cv-728-FtM-29SPC

RICHARD HOLLANDER; EDWARD MILLER;
RUTH SAMELSON,

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This matter comes before the Court on the Plaintiff, Ralph H. Esposito Jr.'s Motion to Amend Complaint (Doc. #41) filed on March 10, 2010. The Motion was referred to this Court by the District Court on April 29, 2010. No Response in Opposition was filed by the Defendants. The Motion is now ripe for review.

      Under rule 15(a), a party may amend the party's pleading only by leave of court or by written consent of the adverse party after a responsive pleading has been served. Fed. R. Civ. P. 15(a); Keene v. Teco Energy Corp., 2000 WL 230243 (M.D. Fla.). "The decision whether to grant leave to amend a complaint is within the sole discretion of the district court." Laurie v. Alabama Court of Criminal Appeals, 256 F.3d 1266, 1274 (11th Cir. 2001). However, pursuant to Fed. R. Civ. P. 15(a), timely motions for leave to amend are held to a very liberal standard and leave to amend should be freely given when justice so requires. Senger Brothers Nursery, Inc. v. E.I. Dupont De Nemours & Company, 184 F.R.D. 674, 678 (M.D. Fla 1999). Thus, Rule 15(a) limits the court's discretion by

requiring that leave to amend must be "freely given when justice so requires." Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L.Ed.2d 222 (1962); Nat'l. Independent Theatre Exhibitors, Inc. v. Charter Financial Group, Inc., 747 F.2d 1396, 1404 (11th Cir. 1984). As a result, the Court must provide substantial justification if the Court denies a timely filed motion for leave to amend. Laurie, 256 F.3d at 1274. "Substantial reasons justifying a denial include 'undue delay, bad faith, dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of allowance of the amendment.'" Id.

The proper method to request leave to amend a complaint, pursuant to Fed. R. Civ. P. 7(b), is either to attach a copy of the proposed amended complaint to the motion or set forth the substance of the proposed amendment in such a manner that the Court will be able to assess the viability of the proposed amendment. Satz v. Long, 181 F.3d 1275, 1279 (11th Cir. 1999). The Plaintiff moves to increase the amount of compensatory damages from $175,000.00 to $223,000.00 and to add attorneys Gregory A. Champeau and Katherine Everett Iskin as defendants.

Initially, the Court notes that Plaintiff failed to attach a copy of the Amended Complaint, or to state why the compensatory damages claim should be increased ,or why the Attorneys Champeau and Iskin should be added as parties to the original Complaint. The Plaintiff merely claims that because Attys. Champeau and Iskins' names are on the signature block of the Defendant Hollander's Motion to Dismiss, they should be added as parties. Neither Atty Champeau nor Atty. Iskin actually signed the Motion to Dismiss. The Plaintiff makes no other claims as to how Attys. Champeau and Iskin are involved in this case. Thus, the claims against Attys. Champeau and Iskin appear to be futile. Since the Plaintiff has failed to comply with the rules and provides no legal or factual basis to add Attys Champeau and Iskin, the Motion to Amend should be denied.

Accordingly, it is now

**RESPECTFULLY RECOMMENDED:**

The Plaintiff, Ralph H. Esposito Jr.'s Motion to Amend Complaint (Doc. #41) should be **DENIED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Respectfully recommended** at Fort Myers, Florida, this 30th day of April, 2010.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record