# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

RALPH H. ESPOSITO, JR.,

                Plaintiff,

-vs-                                                  Case No. 2:09-cv-728-FtM-29SPC

RICHARD HOLLANDER; EDWARD MILLER;
RUTH SAMELSON,

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This matter comes before the Court on the Plaintiff, Ralph H. Esposito Jr.'s Motion to Amend/Correct Amended Complaint (Doc. #45) filed on May 5, 2010. The Motion was referred to this Court by the District Court on May 24, 2010. No Response in Opposition was filed by the Defendants. The Motion is now ripe for review.

      On April 30, 2010, the Court recommended to the District Court that Plaintiff's first Motion to Amend Complaint be denied. Subsequently, on May 5, 2010, Plaintiff filed the instant motion in an attempt to remedy the deficiencies identified in his first Motion to Amend Complaint. Thus, on May 24, 2010, the District Court took the Report and Recommendation under advisement pending a second Report and Recommendation on the second Motion to Amend Complaint.

      The proper method to request leave to amend a complaint, pursuant to Fed. R. Civ. P. 7(b), is either to attach a copy of the proposed amended complaint to the motion or set forth the substance

of the proposed amendment in such a manner that the Court will be able to assess the viability of the proposed amendment. Satz v. Long, 181 F.3d 1275, 1279 (11th Cir. 1999). The Plaintiff again moves to increase the amount of compensatory damages from $175,000.00 to $223,000.00 and to add attorneys Gregory A. Champeau and Katherine Everett Iskin as defendants.

The Court notes that the deficiencies identified in the Court's first Report and Recommendation were not remedied in Plaintiff's amended filing. Plaintiff again failed to attach a copy of the Amended Complaint or provide any reasoning for why the compensatory damages should be increased, or why the Attorneys Champeau and Iskin should be added as parties to the original Complaint. The Plaintiff simply attaches his first Motion to Amend and reiterates that because Attys. Champeau and Iskins' names are on the signature block of the Defendant Hollander's Motion to Dismiss, they should be added as parties. Neither Atty. Champeau nor Atty. Iskin actually signed the Motion to Dismiss. The Plaintiff makes no other claims as to how Attys. Champeau and Iskin are involved in this case. Thus, the claims against Attys. Champeau and Iskin appear to be futile. Since the Plaintiff has failed to comply with the rules and provides no legal or factual basis to add Attys. Champeau and Iskin, the Motion to Amend/Correct Amended Complaint should be denied.

Accordingly, it is now

**RESPECTFULLY RECOMMENDED:**

That the Plaintiff, Ralph H. Esposito Jr.'s Motion to Amend/Correct Amended Complaint (Doc. #45) should be **DENIED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Respectfully recommended** at Fort Myers, Florida, this ___4th___ day of June, 2010.

*/s/ Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record