UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RALPH H. ESPOSITO, JR.,

                Plaintiff,

vs.                               Case No. 2:09-cv-728-FtM-29SPC

RICHARD HOLLANDER; EDWARD MILLER;
RUTH SAMELSON,

_____

**OPINION AND ORDER**

    This matter is before the Court on consideration of the Magistrate Judge's April 30, 2010 Report and Recommendation (Doc. #44) recommending that plaintiff's motion to amend second amended complaint (Doc. #41) be denied. On May 24, 2010, the Court took the Report and Recommendation under advisement because plaintiff filed a second motion to amend the second amended complaint. On June 4, 2010, the Magistrate Judge issued a second Report and Recommendation (Doc. #48) recommending that the second motion to amend the second amended complaint (Doc. #45) be denied. No objections have been filed and the time to do so has expired.

    After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). In the absence of specific objections, there is no requirement that a district judge review

factual findings *de novo*, Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994) (Table).

After conducting an independent examination of the file and upon due consideration of the Report and Recommendation, the Court accepts the Report and Recommendation of the magistrate judge. The requests to amend the second amended complaint will be denied.

The Court notes that defendants' Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 8, 9, 10 and 12(b)(6) (Doc. #39) remains pending and plaintiff has not filed a response. The motion seeks dismissal of the second amended complaint for failure to comply with the Federal Rules and for failure to state a claim. "The plaintiff in a legal malpractice action must prove: (1) the employment of the attorney; (2) the lawyer's neglect of a reasonable duty; and (3) that the attorney's negligence was the proximate cause of loss to the client." Lenahan v. Russell L. Forkey, P.A., 702 So. 2d 610, 611 (Fla. 4th DCA 1997). The facts alleged and construed liberally due to plaintiff's *pro se* status are that plaintiff did not receive a discharge in bankruptcy, due

to the malpractice of the Miller and Hollander Law Firm, and that another individual identified as Jenifer Kranites, who also suffered errors in her case, may testify as to the firm's malpractice in her case. Plaintiff pleads that the Court review her bankruptcy case. Ms. Kranites is not a party in this case. Plaintiff seeks damages based on these facts and sanctions against the firm.

The Court is inclined to grant the motion to dismiss as the Second Amended Complaint fails to state a plausible cause of action under Federal Rule of Civil Procedure 8. Plaintiff does not clearly identify the basic elements of the case, i.e., that plaintiff hired Miller and Hollander, that Miller and Hollander had a duty as plaintiff's attorney, or what actions constituted negligence on the part of the firm. Simply receiving an unfavorable result does not establish negligence or legal malpractice. Additionally, although individuals are named as defendants, no specific actions are attributed to each of the defendants separately such that defendants would have notice of the allegations in the second amended complaint. Neither of the proposed amendments would have corrected these pleading deficiencies, and any further amendments would be futile. Finding no response filed, the Court will provide <u>one</u> opportunity to file a response before considering whether to dismiss the second amended complaint.

Accordingly, it is now

**ORDERED**:

1.  The April 30, 2010 Report and Recommendation (Doc. #44) and June 4, 2010 Report and Recommendation (Doc. #48) are **ADOPTED**.

2.  Plaintiff's motion to amend the second amended complaint (Doc. #41) and second motion to amend the second amended complaint (Doc. #45) are **DENIED.**

3.  Plaintiff may file a response to the Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 8, 9, 10 and 12(b)(6) (Doc. #39) within **SEVEN (7) DAYS** of this Opinion and Order. If no response is filed, the motion may be granted for failure to state a claim and the second amended complaint **dismissed without prejudice without further notice.**

**DONE AND ORDERED** at Fort Myers, Florida, this ___7th___ day of July, 2010.

_____
JOHN E. STEELE
United States District Judge


Copies:
Hon. Sheri Polster Chappell
United States Magistrate Judge

Counsel of Record
Unrepresented parties