UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RALPH H. ESPOSITO, JR.,

              Plaintiff,

vs.                            Case No.   2:09-cv-728-FtM-29SPC

RICHARD HOLLANDER; EDWARD MILLER;
RUTH SAMELSON,

_____

**OPINION AND ORDER**

    This matter comes before the Court on Defendants' Motion to Dismiss Pursuant to Federal Rules of Procedure 8, 9, 10 and 12(b)(6) (Doc. #39) filed on March 3, 2010.  Plaintiff filed his Second Amended Complaint (Doc. #36) on February 10, 2010.  After defendants filed their motion to dismiss (Doc. #39), plaintiff moved to amend/correct the Second Amended Complaint (Docs. ## 41, 45) in order to add additional defendants and compensatory damages. The Magistrate Judge issued two Reports and Recommendations (Docs. ## 44, 48) recommending that the motions to amend the second amended complaint be denied.

    After conducting an independent examination of the file and upon due consideration of the Reports and Recommendations, the Court adopted them in a July 7, 2010 Opinion and Order.  (Doc. #49.)  The Court stated that it was "inclined to grant the motion to dismiss as the Second Amended Complaint fails to state a plausible cause of action under Federal Rule of Civil Procedure 8."

(Id. at 3.)  The Court then described why it was inclined to grant the motion to dismiss, and gave plaintiff one last opportunity to respond.  (Id. at 3.)  Plaintiff failed to file a Response.

## I.

Because Plaintiff is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by an attorney and will be liberally construed.  Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003).  To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint must simply give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests.  Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346 (2005); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002).  At a minimum, federal notice pleading "requires that a complaint contain inferential allegations from which [a court] can identify each of the material elements necessary to sustain a recovery under some viable legal theory."  Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 684 (11th Cir. 2001)(citation omitted).

## II.

In plaintiff Ralph Esposito, Jr.'s (plaintiff or Esposito) Second Amended Complaint, plaintiff alleges that defendants committed malpractice.  As stated in the July 7, 2010 Opinion and Order (Doc. #49): the facts alleged and construed liberally, due to plaintiff's *pro se* status, are that plaintiff did not receive a discharge in bankruptcy, due to the malpractice of the Miller and

Hollander Law Firm, and that another individual identified as Jenifer Kranites, who also suffered errors in her case, may testify as to the firm's malpractice in her case.  Plaintiff pleads that the Court review Ms. Kranites bankruptcy case as well.  Ms. Kranites is not a party in this case.  Plaintiff seeks damages and sanctions against the firm.

Defendants filed a motion to dismiss (Doc. #39) arguing that the Second Amended Complaint fails to:  set forth a short and plan statement of jurisdiction, the claim, and proper demand for relief in violation of Federal Rule of Civil Procedure 8; fails to set forth the allegations with particularity in violation of Federal Rule of Civil Procedure 9; and fails to state a claim as required by Federal Rule of Civil Procedure 12(b)(6).  (Id. at 2.)

"The plaintiff in a legal malpractice action must prove: (1) the employment of the attorney; (2) the lawyer's neglect of a reasonable duty; and (3) that the attorney's negligence was the proximate cause of loss to the client."  Lenahan v. Russell L. Forkey, P.A., 702 So. 2d 610, 611 (Fla. 4th DCA 1997); see also Technical Packaging, Inc. v. Hanchett, 992 So. 2d 309, 311 (Fla. 2d DCA 2008).  In the instant case, plaintiff does not clearly identify the basic elements of the case.  There are no allegations that plaintiff hired Miller and Hollander, that Miller and Hollander had a duty as plaintiff's attorney, or most importantly, what actions constituted negligence on the part of the firm.

Simply receiving an unfavorable result does not establish negligence or legal malpractice.  Additionally, although individuals are named as defendants, no specific actions are attributed to each of the defendants separately such that defendants would have sufficient notice of the allegations in the Second Amended Complaint.  Thus, the Court finds that plaintiff's Second Amended Complaint fails to state a plausible cause of action under Federal Rule of Civil Procedure 8.

Accordingly, it is now

**ORDERED**:

1.  Motion to Dismiss Pursuant to Federal Rules of Procedure 8, 9, 10 and 12(b)(6) (Doc. #39) is **GRANTED** and the Second Amended Complaint (Doc. #46) is **dismissed without prejudice**.

2.  The Clerk shall enter judgment dismissing the Second Amended Complaint without prejudice, terminate all deadlines and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this __1st__ day of February, 2011.

_____
JOHN E. STEELE
United States District Judge


Copies:
Counsel of record